**PRICE LAW GROUP, APC**
Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
Donald Flewellyn

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **DONALD FLEWELLYN,**<br><br>Plaintiff,<br><br>v.<br><br>**LENDINGCLUB CORPORATION,**<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Donald Flewellyn ("Plaintiff"), through his attorneys, alleges the following against Defendant, LendingClub Corporation. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use

of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Texas Fair Debt Collection Practices Act ("TFDCPA"), TEX. FIN. CODE 392, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of Texas, and therefore, personal jurisdiction is established.

4. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Midlothian, Ellis County, Texas.

7. Plaintiff is a consumer as defined by the TFDCPA, TEX. FIN. CODE 392.001(1).

8. Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located in San Francisco, California. Defendant can be served with process at Corporation Service Company CSC - LAWYERS INCORPORATING SERVICE, 2710 GATEWAY OAKS DR STE 150N, SACRAMENTO CA 95833.

9. Defendant is a ''debt collector'' as defined by the TFDCPA, TEX. FIN. CODE 392.001(6).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. In or around April 6, 2017, Defendant began placing calls to Plaintiff's cellular telephone number (214) 301-1151 in an attempt to collect an alleged debt.

13. A number of the incoming calls came from (888) 596-4478; (415) 960-6299; (415) 632-4069; (844) 824-5751; and (415) 960-6294; upon information and belief, these numbers are owned or operated by Defendant.

14. On or about May 1, 2017 at 12:58 p.m., Mr. Flewellyn answered a call from Defendant, on his cellular telephone, originating from (415) 960-6299. Plaintiff heard a pause before the representative began to speak, indicating the use of an Automated Telephone Dialing System.

15. Plaintiff spoke with a representative of Defendants and was informed that it was attempting to collect a debt.  During the call, Mr. Flewellyn asked for calls to his cell phone to cease.

16. Despite Plaintiff having unequivocally revoking consent to be contacted, Defendant continued to call Plaintiff on his cellular phone.

17. Between May 1, 2017 and May 26, 2017, Mr. Flewellyn was called no less than fifty-two (52) times after having unequivocally revoked consent to be contacted on his cellular phone.

18. Defendant would call Plaintiff on his cellular telephone two (2) to three (3) times a day. Most notably, Mr. Flewellyn was contacted on his cellular telephone eight (8) times on May 24, 2017.

19. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

20. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." Id.

21. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." Id. at 14091-92, paras. 132-33.

22. Defendant consistently called Plaintiff around the same time every day, indicating the use of a predictive dialer.

23. For example, Defendant called Plaintiff at 10:31 a.m. (May 3, 2017), 10:33 a.m. (May 9, 2017), 10:35 a.m. (May 10, 2017), 10:27 a.m. (May 16, 2017), and 10:33 a.m. (May 18, 2017).

24. Most of the incessant calls placed by Defendant were made while Mr. Flewellyn was at work.

25. While at work, Mr. Flewellyn has his cellular phone in his possession at all times, which made the harassing calls disruptive to his work day.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an

  artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

 b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II
**(Violations of the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392)**

30. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31. Defendant violated the TFDCPA.  Defendant's violations include, but are not limited to, the following:

a. Defendant violated TEX. FIN. CODE 392.302(4) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

b. Defendant violated TEX. FIN. CODE 392.302(2) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

c. Defendant violated TEX. FIN. CODE 392.303 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   i. Defendant violated TEX. FIN. CODE 392.303 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

   ii. Defendant violated TEX. FIN. CODE 392.303by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

   iii. Defendant violated TEX. FIN. CODE 392.303by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    iv. Defendant violated TEX. FIN. CODE 392.303 by violating 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

32. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the foregoing violations of the TFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the TFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Donald Flewellyn, respectfully requests judgment be entered against Defendant, Lending Club, for the following:

A. Injunctive relief pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(1);

B. Actual damages pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2);

C. Costs and reasonable attorneys' fees pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2)(b);

D. No less than $100.00 per violation of this chapter pursuant to the Texas Fair Debt Collection Practices Act, TEX. FIN. CODE 392.403(2)(b);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

F. Any other relief that this Honorable Court deems appropriate.

                                                    RESPECTFULLY SUBMITTED,

Dated: September 18, 2017           By: */s/ Stuart M. Price*

                                            Stuart M. Price (SBN 150439)
Stuart@pricelawgroup.com
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
Attorneys for Plaintiff,
Donald Flewellyn